## THOMAS J. DUNBAR *vs.* MICHAEL MULRY.

In an action to recover the price of spirituous liquors, which is defended upon the ground that they were sold to be resold by the defendant without license, the defendant cannot, even after proving that no licenses were granted at that time in that county by the county commissioners, and that the plaintiff (who lived in an adjacent city in another county) was frequently, about that time, in the defendant's shop, and had dealings with other persons in the same city and business as the defendant, introduce evidence that it was then generally notorious in that city that no licenses were granted in the county, for the purpose of showing the plaintiff's knowledge of that fact.

ACTION OF CONTRACT by the assignee of E. Gunnison & Co. insolvent debtors, to recover the price of spirituous liquors sold by them to the defendant in 1849 and 1850. Trial in the court of common pleas before *Mellen*, C. J., who signed a bill of exceptions, the material part of which is stated in the opinion.

*J. W. May*, for the defendant, cited 1 Greenl. Ev. §§ 83, 128, 138 *note*; 2 Greenl. Ev. § 483, and cases cited; *Carter* v. *Whalley*, 1 B. & Ad. 11; *Bernard* v. *Torrance*, 5 Gill & Johns. 383; *Holliday* v. *McDougald*, 20 Wend. 81; *Jones* v. *Perry*, 2 Esp. R. 482; *Runquist* v. *Ditchell*, 3 Esp. R. 64; *Abel* v. *Potts*, 3 Esp. R. 242; *Godfrey* v. *Macauley*, Peake, 155 *note*; 1 Parsons on Con. 144 *note*.

No counsel appeared for the plaintiff.

THOMAS, J. One ground of defence was, that the liquors were sold to the defendant, the vendor knowing they were to be used for an illegal purpose, to wit, to be sold by the defendant in quantities of less than twenty eight gallons, without a license. The defendant resided in Roxbury, the insolvents in Boston.

Evidence was offered that no licenses had been granted in Norfolk since the year 1840. Evidence was also offered tending to show that one of the vendors was frequently at the shop of the defendant in Roxbury during the time covered by the charges, and that the vendors had business with other traders in Roxbury in their line of business.

The defendant then offered to show that at the time of the making of the sales the fact was generally notorious at Roxbury that no licenses for the sale of liquors were granted in

Norfolk County, and this for the purpose of showing the knowl‑ edge of the plaintiff's insolvent of the fact.

This evidence was rejected, and rightly, we think. The com‑ missioners, as the law then was, had, in the several counties, authority to grant licenses or not. *St.* 1837, *c.* 242, § 2. The provision was, that they should not be required to grant any licenses when, in their opinion, the public good did not requir them to be granted.

The fact, with the knowledge of which the plaintiff was to be charged by reason of its general notoriety, was what course had been pursued under this statute by a local tribunal. It may well be doubted whether this is of the class of facts of such general public interest, that a mere knowledge of the fact may be shown by its general notoriety. As matter of public interest, it affected the inhabitants of the county of Norfolk chiefly, if not only. It was not, and in its nature could not be, a usage or custom permanent in its character. Not only might the members composing the tribunal change, but their opinion. The fact that no licenses were granted last year would be no evidence that they might not be granted this or the next.

But if matter of general usage or custom, it was the usage or custom of a particular county, and only to affect persons living within the district.               *Exceptions overruled.*